UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05-CR-294-2

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| BOBBY LARUE THOMPSON, | ) |
| Defendant. | ) |

THIS MATTER comes before the Court on the Government's Pre-Sentence Investigation Report and Recommendation [D.I.s 240 and 241] and the Defendant's Sentencing Memorandum [D.I. 258]. For the reasons laid out below, the Court rejects the Government's recommendation of a sentence of life. A sentencing hearing was held on October 19, 2010. The Court announced the Defendant's sentence, supervised release terms and special assessments in open court.

**I. Background**

The Defendant was indicted, along with six other individuals, on August 23, 2005 and charged with conspiracy to distribute and possess with the intent to distribute cocaine base (and other related counts) in violation of Title 21, United States Code Sections 846 and 841. On November 15, 2007, a jury found the Defendant guilty of conspiracy to possess with intent to distribute at least fifty grams of cocaine base and three counts of possession with intent to distribute cocaine base [D.I. 208].

The Government seeks a sentencing enhancement – mandatory life imprisonment – based on the Defendant's two prior drug offenses. The Government claims these two offenses

1

constitute "felony drug offenses" under Title 21 United States Code Section 802(44). The Government invoked the enhancement provisions by filing the appropriate notice of the enhancement and noting two convictions: an August 15, 2005 conviction in North Carolina for cocaine possession (a Class I felony under North Carolina law) and an April 10, 1996 conviction of possession with intent to distribute cocaine (a Class H felony under North Carolina law). The Defendant was sentenced to four to six months imprisonment, which was suspended for twelve months' supervised probation, for the first conviction. Defendant was sentenced to eight to ten months imprisonment, suspended for thirty months' supervised probation, for the second offense.

## II. Analysis of Mandatory Life Sentence Enhancement

### A. North Carolina's Sentencing Scheme

North Carolina's sentencing statute employs a structure whereby each felony is assigned a class level. North Carolina General Statute § 15A-1340.17(c) provides a table of sentences indexed by the class level of the offense and the defendant's prior record. The class of the offense determines the horizontal row in which the defendant is placed, and the defendant's prior record decides the appropriate vertical row. Once the offense/prior record placement is made within the table, there are three sentencing ranges for the defendant, depending on whether there are mitigating factors, aggravating factors or neither. See N.C. Gen. Stat. § 15A-1340.17(c) (2010). Once the sentencing court determines the minimum range under Section 15-A 1340 17(c), "N.C. Gen. Stat. § 15A-1340.17(d) dictates the corresponding maximum for that minimum." United States v. Jones, 195 F.3d 205, 206 (4th Cir. 1999); N.C. Gen. Stat. § 15A-1340.17(d).

Under the sentencing statute, a defendant convicted of a Class H felony with the most

2

serious of criminal histories could be sentenced to thirty months in prison. A defendant convicted of a Class I felony with the worst criminal history could be sentenced to fifteen months in prison. See N.C. Gen. Stat.§ 15A-1340.17. The maximum sentence for this Defendant based on his history was ten months for the August 15, 2005 conviction and twelve months for the April 30, 1996 conviction.

### B. The Controlled Substances Act

The Controlled Substances Act mandates that where a defendant has a prior conviction for a "felony drug offense" which has become final, the defendant shall be sentenced to a minimum term of twenty years' imprisonment (and up to life imprisonment). 21 U.S.C. § 841(b)(1)(A) (2010). A defendant with two or more "felony drug offense" convictions faces a mandatory life sentence. Id. For purposes of the Controlled Substances Act, a felony drug offense is defined as an offense (involving certain substances) "punishable by imprisonment for more than one year under any law of the United States or of a state or foreign country." 21 U.S.C. § 802(44) (2009). The issue before the Court is whether the Defendant's prior convictions constitute "felony drug offenses" and thus whether a mandatory life sentence is appropriate.

### C. Fourth Circuit Precedent

The Fourth Circuit examined North Carolina's sentencing statute in United States v. Jones in the context of an 18 U.S.C. § 922(g)(1) charge (which imposes firearm restrictions on those who have been convicted of a crime "punishable by imprisonment for a term exceeding one year"). 195 F.3d 205 (4th Cir. 1999). In that case, the Fourth Circuit rejected an individualized analysis under the North Carolina sentencing scheme. The Court reasoned that the word "punishable" in the statute modifies crime, and is linked to the conduct of the crime

3

itself and not the individual convicted of the conduct. See id. at 207. Thus, an individual met the criteria of 18 U.S.C. § 922(g)(1) if the offense statutory maximum exceeded one year, regardless of the prior criminal record of the individual defendant and if the individual defendant could not have been statutorily sentenced to more than one year. Id. "Section 922(g)(1) requires only that the crime be punishable by a term exceeding one year." Id.

The Circuit adopted the same rationale in United States v. Harp. 406 F.3d 242 (4th Cir. 2005). In that case, the defendant argued that he did not meet the requirements for designation as a career offender because his prior offenses did not qualify as controlled substance offenses under U.S.S.G. § 4B1.1(a). A controlled substance offense must be "punishable by imprisonment for a term exceeding one year." U.S.S.G. § 4B1.1(a). The defendant maintained that the facts of his specific case did not allow the North Carolina courts to issue a sentence in excess of a year. The Fourth Circuit reiterated its Jones standard and rejected an individualized analysis of sentences under North Carolina's sentencing statute. "[A] prior North Carolina conviction was for a 'crime punishable by imprisonment for a term exceeding one year' if *any* defendant charged with that crime could receive a sentence of more than one year." Harp, 406 F.3d at 246 (citing Jones, 195 F.3d at 206-07).

The Defendant urges this Court to reconsider the Fourth Circuit's precedent in light of three recent Supreme Court decisions – United States v. Rodriquez, 553 U.S. 377 (2008), Carachuri-Rosendo v. Holder, 130 S.Ct. 2577 (2010) and Johnson v. United States, 130 S.Ct. 1265 (2010). The Defendant argues that he as an individual defendant could have faced no more than a year's imprisonment for both of his prior offenses, thus he does not meet the requirements under the Controlled Substances Act for a mandatory life sentence. In light of recent Supreme Court actions, as well as the rationale in Carachuri-Rosendo, the Court agrees. The Defendant

4

does not meet the felony drug offense standards and a life sentence is unwarranted.

### D. Recent Supreme Court Developments

In Carachuri-Rosendo, the Supreme Court considered whether the defendant, who was convicted of two misdemeanor drug offenses and who had not been charged as a recidivist, had been convicted of an "aggravated felony" for purposes of the Immigration and Naturalization Act, 8 U.S.C. § 1101(a)(43). Carachuri-Rosendo v. Holder, 130 S.Ct. 2577 (2010). The Court rejected the Government's argument that the defendant had been convicted of an "aggravated felony" because had the defendant been prosecuted in federal court, he could have been prosecuted as a felon and received a 2 year sentence based on the fact of his prior simple possession offense. Carachuri-Rosendo, 130 S.Ct. at 2586. The federal immigration court could not "*ex post*, enhance the state offense of record just because facts known to it would have authorized a greater penalty under either state or federal law." Id.

In Rodriguez, the defendant was convicted of unlawful possession of a firearm by a convicted felon under 18 U.S.C. § 922(g). The defendant had two prior state convictions in California and three prior state convictions in Washington. United States v. Rodriquez, 553 U.S. 377, 381. The Government requested the defendant be sentenced under the Armed Career Criminal Act ("ACCA"), which sets a fifteen year minimum sentence when a person violates § 922(g) and has three previous serious drug convictions (defined as a specified offense under state law "for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii) (2000).). Id. The Government argued that at least two of the Washington state charges were serious drug offenses, because their maximum terms were ten years, and therefore that these convictions must be counted under the ACCA. Id. at 382. The Supreme Court agreed and held that the "'maximum term of imprisonment . . . prescribed by law

for the state drug convictions was the 10-year maximum set by the applicable recidivist provisions." Id. at 393.

In the wake of these two cases, the Supreme Court has consistently vacated and remanded Fourth Circuit opinions following Jones and Harp and ordered them reconsidered in light of Carachuri-Rosendo. Summers v. United States, --- S.Ct. ---, 2010 WL 1654043 (Oct. 4, 2010)(No. 09-10329)(mem.); White v. United States, --- S.Ct. ---, 2010 WL 1739323 (Oct. 4, 2010)(No. 09-10491)(mem.); Blackwood v. United States, --- S.Ct. ---, 2010 WL 2300581 (Oct. 4, 2010)(No. 09-11213)(mem.); Watson v. United States, 130 S.Ct. 3455, 78 U.S.L.W. 3742 (U.S. June 21, 2010)(No. 09-8003)(mem.); Simmons v. United States, 130 S.Ct. 3455, 78 U.S.L.W. 3368 (U.S. June 21, 2010)(No. 09-676)(mem.). While acknowledging that Fourth Circuit precedent on this issue has been clear until these cases were remanded, the Court understands the Supreme Court to be sending a message to this Circuit that the law has changed. The Court recognizes Supreme Court orders that grant, vacate and remand do not resolve a case (see, e.g., United States v. Burnette, 423 F.3d 22 (1st Cir. 2005)), but the number of cases remanded on such a specific issue necessitates a reexamination of our precedent to date. In light of these facts, we analyze the instant case in light of Carachuri-Rosendo.[1]

**E. Defendant's Criminal History and Sentencing Analysis**

As discussed, a felony drug offense is defined as being "punishable by imprisonment for more than one year under any law of the United States or of a state or foreign country." 21

---

[1] As the Fourth Circuit has rejected the application of Rodriquez in similar cases and as the Supreme Court remanded the cases for reconsideration specifically in light of Carachuri-Rosendo, the Court limits its analysis to that case. The Court recognizes that the Sixth Circuit has taken a different view of Rodriquez than the Fourth Circuit, which seems to be supported by the Supreme Court in Carachuri-Rosendo. See United States v. Pruitt, 545 F.3d 416 (2009); see also Carachuri-Rosendo, 130 S.Ct. at 2578, n. 12.

U.S.C. § 802(44) (2009). In the case of Carachuri-Rosendo, the Government argued that had the defendant been prosecuted in federal court instead of state court, he could have been prosecuted as a felon and received a two year sentence. Carachuri-Rosendo v. Holder, 130 S.Ct. 2577, 2582 (2010). The Supreme Court rejected this argument. The Supreme Court found that "[a]lthough a federal immigration court may have the power to make a recidivist finding in the first instance (citations omitted), it cannot, *ex post*, enhance the state offense of record just because facts known to it would have authorized a greater penalty under either state or federal law." Id. at 2586. In this vein, the Court discussed Rodriquez and stated that a recidivist finding could only set the maximum term of imprisonment "when the finding is part of the record of conviction." Id. at 2587, n.12. The Supreme Court rejected the notion of a "hypothetical approach" in which a court focused on factors that "could have but did not serve as the basis for the state conviction and punishment." Id. at 2588.

In this case, the Government asks the Court to take such a "hypothetical approach" and look not at the facts underlying the Defendant's case and record, but at a hypothetical defendant who could have been charged at the highest levels of the North Carolina statute's range. The Court finds such an argument unpersuasive in light of Carachuri-Rosendo and the Supreme Court's emphasis on an individual analysis in that case. Additionally, the Court does not find such an individual analysis at odds with the statutory language at issue. The offense that this Defendant committed is *not* punishable by more than one year. A North Carolina judge cannot use his or her discretion to impose a higher sentence; the Government could not have charged the Defendant in such a way to make the offense he committed punishable by more than a year. The North Carolina Sentencing Statute reflects a legislative intent to base a defendant's sentencing on his or her criminal history; the punishment is tailored to fit the crime of the

7

individual defendant. As a result, in light of recent Supreme Court actions evincing a change in the law, the Defendant's prior North Carolina convictions are not felony drug offenses under the Controlled Substances Act.

Signed: October 21, 2010

Graham C. Mullen
United States District Judge